**UNITED STATES COURT OF APPEAL**
Eleventh Circuit
56 Forsyth St., NW
Atlanta, GA   30303

John Ley
Clerk

For rules and forms visit
www.ca11.uscourts.gov

March 28, 2014

Lee David Winston
WINSTON COOKS, LLC
2 N 20TH ST STE 1330
BIRMINGHAM, AL 35203

Marion F. Walker
FORD & HARRISON
2100 3RD AVE N STE 400
BIRMINGHAM, AL  35203-3384

Re:   Case No. 10-10078, <u>Brown v. Jacobs Engineering, Inc.</u>

Dear Counsel:

I have been contacted by Judge Frank M. Hull, who participated in this Court's attached October 27, 2010 decision in the above-referenced case. Although the appellee/defendant is listed as Jacobs Engineering, Inc. on the Court's docket, in the style of the case and in the opinion's discussion, it appears that Jacobs Engineering Group, Inc. was either the correct name of the appellee/defendant or at least an interested party.

Judge Hull informed me that, during the time this case was pending, she owned stock in Jacobs Engineering Group, Inc., a party or an interested party to this case.  This circumstance would have required the judge's recusal under Canon 3C(1)(c) of the Code of Conduct for United States Judges.  Unfortunately, the multi-level conflict checking systems (two automated/electronic systems plus manual checking) did not detect the disqualification.  Judge Hull was not aware of this disqualification until March 20, 2014.  Upon learning of this, Judge Hull directed that I notify the parties and invite them to respond to the disclosure if they wish to do so. Advisory Opinion No. 71 ("Disqualification After Oral Argument"), issued by the Judicial Conference's Committee on Codes of Conduct, provides the following guidance for addressing a disqualification that is not discovered until after a judge's participation in the case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

In accordance with Advisory Opinion No. 71, you may respond to the judge's disclosure of a conflict in this case. Should you wish to respond, please file your response in the clerk's office by April 18, 2014. Any response will be considered by the Court without participation by Judge Hull.

Sincerely,

John Ley, Clerk of Court

Enclosures:
October 27, 2010 decision in Case No. 10-10078, <u>Brown v. Jacobs Engineering, Inc.</u>

**Number of labels printed:** 5

**Inadequate addresses in database:**

Roderick T. Cooks

Susan W. Bullock

Carolyn N. Lam

Lee David Winston

Marion F. Walker